Kenton L. THOMPSON
and Connie Jean Thompson,
husband and wife,
*Appellants,*

*v.*

Bernard J. RUDA
and Virginia F. Ruda,
husband and wife,
*Respondents.*

(91-169; CA A71200)

844 P2d 256

John L. Jacobson, Baker City, argued the cause and filed the briefs for appellants.

Floyd C. Vaughan, Baker City, argued the cause for respondents. With him on the brief was Silven, Schmeits & Vaughan, Baker City.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs are the buyers and defendants the sellers of real property under a land sale contract. The contract requires plaintiffs to pay real property taxes when due. Plaintiffs failed to make the payment that fell due on November 15, 1990. In January, 1991, defendants gave plaintiffs notice of default in accordance with ORS 93.915. In March, after the passage of the 60-day period that ORS 93.915(3)(a) requires that a buyer be given to cure a default, which plaintiffs did not do, defendants took the necessary measures under ORS 93.930 to declare and record a forfeiture.

Plaintiffs then brought this action, contending that the forfeiture was wrong and seeking rescission of the contract. Defendants counterclaimed for a declaratory judgment that they had properly terminated the contract pursuant to ORS 93.905 *et seq.* The parties moved for summary judgment on their respective claims. The trial court granted defendants' motion, denied plaintiffs' and entered judgment accordingly. Plaintiffs appeal, assigning error to the rulings on both motions.

The contract provides that "[a]ll real property taxes and assessments * * * levied upon or against the property shall be paid by the Purchaser when due." The contract contains a time of the essence clause and allows the seller, *inter alia*, to declare a forfeiture in the event of an uncured default by the buyer. The default provision of the contract provides that a

"default shall occur if Purchaser fails to make any payment when due *or* fails to comply with any other obligation imposed by this agreement and does not correct such failure within thirty (30) days after written notice from Seller specifying the nature in which Purchaser is in default." (Emphasis supplied.)

Plaintiffs argue that that provision contemplates two different kinds of default: delinquencies in payments, which become "defaults" on their occurrence; and all other failures to comply with the contract, which become "defaults" only after notice and the passage of 30 days without a cure. Plaintiffs posit that non-payment of taxes falls in the latter category. Therefore, they assert, they were

entitled to a 30-day notice under the contract in addition to the 60-day notice under the statute before a forfeiture could occur, because the statutory period cannot begin to run until there is a default. Plaintiffs conclude that the declaration of forfeiture, made less then 90 days after notice was given, was invalid.

Plaintiffs' apparent premise is that a delinquency in tax payments, as distinct from payments of the purchase price, is not a "fail[ure] to make any payment when due" or that the contract is at least ambiguous on the point. Defendants disagree with that premise and also argue that the forfeiture was proper under the statutory scheme, regardless of the meaning of the contractual provision. We do not reach the second argument, because we agree with defendants that plaintiffs' understanding of the contract is wrong. In the absence of any qualification in the default provision, and given the express language in the tax provision that taxes shall be paid when due, there is *no* basis for reading the contract to mean that a failure to pay taxes is not a "fail[ure] to make *any* payment when due" (emphasis supplied), within the contemplation of the default provision.[1] The trial court's rulings on the motions and its judgment are correct.

Affirmed.

---

[1] Plaintiffs also contend that, because the tax and the default provisions are contained in separate paragraphs of the contract, they are "separate obligations." That contention disregards the fact that the purchase price provision is in still another paragraph of the instrument. Under plaintiffs' understanding, the delinquent payment provision would not seem to apply to anything.